Electronically Filed
Intermediate Court of Appeals
CAAP-11-0000736
28-MAR-2013
08:36 AM

CAAP-11-0000736

IN THE INTERMEDIATE COURT OF APPEALS

OF THE STATE OF HAWAI'I


STATE OF HAWAI'I, Plaintiff-Appellee,
v.
LARRY K. OHASHI, Defendant-Appellant.


APPEAL FROM THE CIRCUIT COURT OF THE FIRST CIRCUIT
(CR NO. 10-1-1188)


SUMMARY DISPOSITION ORDER
(By: Nakamura, C.J., and Foley and Fujise, JJ.)


Defendant-Appellant Larry K. Ohashi ("Ohashi") appeals from the Judgment of Conviction and Sentence (Judgment) filed on September 12, 2011, in Circuit Court of the First Circuit (Circuit Court).[1]  A jury found Ohashi guilty of: (1) kidnapping, by intentionally or knowingly restraining the complaining witness (CW), with intent to inflict bodily injury upon her, in violation of Hawaii Revised Statutes (HRS) § 707-

---

[1]  The Honorable Richard W. Pollack presided.

720(1)(d) (Supp. 2012);[2/] and (2) second-degree theft, in violation of HRS § 708-831(1)(a)(Supp. 2012).[3/]

On appeal, Ohashi argues that (1) his conviction for kidnapping must be reversed because there was insufficient evidence that he intentionally or knowingly restrained the CW; and (2) his conviction for second-degree theft must be reversed because there was insufficient evidence that he intended to deprive the CW of her cellular telephone. We affirm.

I.

The CW testified that she had been in a dating relationship with Ohashi for seven or eight months. On July 13, 2010, the CW met Ohashi at around 9:00 p.m. at a van (in which Ohashi was living) parked on Makiki Street to tell him that she wanted to break up. As the CW approached Ohashi, her cell phone rang. Ohashi, who had been drinking, became mad and accused the CW of receiving a call from another man. Ohashi grabbed the phone out of the CW's hand and tossed it away, toward a vacant lot. Ohashi then grabbed the CW, pushed her into the van, and closed the door behind them.

The CW yelled at Ohashi and tried to get out, but Ohashi stopped her, pushed her down, and got on top of her to prevent her from leaving. Ohashi ripped off the CW's dress and underwear and attempted to sexually assault her, while the CW

---

[2/] HRS § 707-720(1)(d) provides in relevant part:

(1) A person commits the offense of kidnapping if the person intentionally or knowingly restrains another person with intent to:

. . .

(d) Inflict bodily injury upon that person . . . .

[3/] HRS § 708-831(1)(a) provides:

1) A person commits the offense of theft in the second degree if the person commits theft:

(a) Of property from the person of another[.]

fought and struggled to "block" Ohashi. Ohashi later began punching the CW in the head. The punching continued through the night, as Ohashi drank from a bottle of hard liquor. When the CW tried to scream, Ohashi choked her using two hands and told the CW to "shut up." At some point, the CW lost consciousness.

When the CW regained consciousness, it was daytime. Ohashi was on top of her, and he told the CW that he loved her. The CW tried to leave, but Ohashi stopped her and began punching her again. Ohashi would punch the CW, tell her he was sorry, and then resume punching her. The CW finally escaped when Ohashi left the van after telling her that he knew he was to go to jail and that he "might as well him go do drugs and go fuck somebody before that[.]" The CW ran to her car and drove to the house of a friend, who took the CW to the hospital.

II.

In evaluating the sufficiency of the evidence, we view the evidence in the light most favorable to the prosecution. State v. Tamura, 63 Haw. 636, 637, 633 P.2d 1115, 1117 (1981). "The test on appeal is not whether guilt is established beyond a reasonable doubt, but whether there was substantial evidence to support the conclusion of the trier of fact." State v. Richie, 88 Hawaiʻi 19, 33, 960 P.2d 1227, 1241 (1998) (block quote format and citation omitted).

> Substantial evidence is "evidence which a reasonable mind might accept as adequate to support the conclusion of the fact finder." Matters related to the credibility of witnesses and the weight to be given to the evidence are generally left to the factfinder. The appellate court will neither reconcile conflicting evidence nor interfere with the decision of the trier of fact based on the witnesses' credibility or the weight of the evidence.

State v. Mitchell, 94 Hawaiʻi 388, 393, 15 P.3d 314, 319 (App. 2000) (citations omitted). We give "full play to the right of the fact finder to determine credibility, weigh the evidence, and draw justifiable inferences of fact." State v. Yabusaki, 58 Haw. 404, 411, 570 P.2d 844, 848 (1977).

3

III.

We resolve Ohashi's arguments on appeal as follows:

1.  With respect to Ohashi's kidnapping conviction, we conclude that there was sufficient evidence that he intentionally or knowingly restrained the CW.  The CW testified that Ohashi grabbed her, pushed her into his van, attempted to sexually assault her, and prevented her from leaving by holding her down and punching and choking her.  The CW's testimony was corroborated by the doctor who examined her at the hospital and the friend who took her there, with these two witnesses describing multiple fresh injuries and bruising to the CW's face and neck, as well as by photographs depicting injuries to the CW. The CW's testimony was also corroborated by evidence that a whiskey bottle and a torn dress were found during a search of the van.

Ohashi argues that there was insufficient evidence because the CW was not credible.  We disagree.  It was up to the jury to assess the CW's credibility and the weight to give her testimony.  We conclude that based on the CW's testimony and the corroborating evidence presented, there was substantial evidence to support the jury's finding that Ohashi intentionally or knowingly restrained the CW.

2.  With respect to Ohashi's second-degree theft conviction, we conclude that there was sufficient evidence that Ohashi intended to deprive the CW of her cellular telephone. Theft is defined to include obtaining or exerting "unauthorized control over the property of another with intent to deprive the other of the property."  HRS § 708-830(1) (Supp. 2012).  The term "deprive," in turn, is defined in pertinent part as follows:

> "Deprive" means:
>
> (1)  To withhold property or cause it to be withheld from a person permanently or for so extended a period or under such circumstance that a significant portion of its economic value, or of the use and benefit thereof, is lost to the person; or

4

(2)     To dispose of the property so as to make it
        unlikely that the owner will recover it[.]

HRS § 708-800 (1993).

The CW testified that Ohashi grabbed her telephone and tossed it away, toward a vacant lot, after accusing her of receiving a call from another man.  Ohashi then pushed the CW into a van and kept her there all night.  A defense witness also testified that she saw Ohashi obtain a phone and "[h]e fly the phone."  Because intent can rarely be proved by direct evidence, courts have recognized that "the mind of an alleged offender may be read from his acts, conduct and inferences fairly drawn from all the circumstances."  State v. Sadino, 64 Haw. 427, 430, 642 P.2d 534, 536-37 (1982).

We conclude that there was substantial evidence to support the jury's finding that Ohashi intended to deprive the CW of her cellular telephone.  Evidence that the cellular telephone was returned to the CW the following day by a stranger who found it does not detract from this conclusion.

IV.

We affirm the Circuit Court's Judgment.

DATED:  Honolulu, Hawai'i, March 28, 2013.

On the briefs:

Jon N. Ikenaga
Deputy Public Defender
for Defendant-Appellant

Donn Fudo
Deputy Prosecuting Attorney
City and County of Honolulu
for Plaintiff-Appellee

Chief Judge

Associate Judge

Associate Judge

5